UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA McGHEE and MARCIA
HUNTER, as Personal Representative of
the ESTATE OF KISMET HENDERSON,
Deceased,

      Plaintiff,                        No. 17-11739

v.                                   District Judge John Corbett O'Meara
                                       Magistrate Judge R. Steven Whalen

MELVIN LOUIS JOHNSON,

      Defendant.
_____/

## ORDER

Plaintiff's Motion to Compel Discovery [Doc. #16] is GRANTED.

Defendant did not file a response to this motion, and defense counsel did not appear for argument on February 27, 2018. The motion is therefore unopposed.

While Defendant did produce untimely interrogatory responses,[1] Plaintiff submits that the responses are inadequate, and are largely boilerplate and inapplicable to specific requests. See List of Unresolved Issues [Doc. #19]. For example, Defendant objects to *every* interrogatory as "vague, nonspecific and overly broad, calls for a narrative answer, calls for work product materials created in anticipation of litigation, calls for irrelevant, privileged and inadmissible materials, calls for and make conclusion of fact and/or law and because discovery is ongoing." How does this objection even arguable apply to the

---

[1] "'As a general rule, failure to object to discovery requests within the thirty days provided by Rule 33 and 34 constitutes a waiver of any objection.'" *Cozzens v. City of Lincoln Park*, 2009 WL 152138, *2 (E.D. Mich. 2009)(Hluchaniuk, M.J.)(quoting *Gonzalez, Jr. v. Ohio Cas. Ins. Co.*, 2008 WL 795757, *1 (E.D.Mich.2008).

-1-

identification of the boat's owners (Interrogatory No. 2) or "the time...that elapsed between the time you first felt the wake from the other boats' waves and you saw Plaintiff in the water" (Interrogatory No. 5)? "Filing boilerplate objections to discovery requests is tantamount to filing no objections at all." *Black v. Pension Ben. Guar. Corp.*, 2014 WL 3577949, at *2 (E.D. Mich. 2014)(Tarnow, D.J.), citing *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.,* 2007 WL 4098727 (E.D.Mich.2007) (Mazjzoub, M.J.). *See also Powerhouse Licensing, LLC v. CheckFree Services Corp.,* 2013 WL 1209971 at *2 (E.D.Mich.2013) (Drain, D.J.)("The Court strongly condemns the practice of asserting boilerplate objections to every discovery request.").

In addition, after asserting these meaningless boilerplate objections, Defendant's answers to Interrogatories 1, 5, 6, and 7 simply stated, "Defendant's deposition is available upon request during discovery." This is no answer, and to accept this astounding response would be to nullify Fed.R.Civ.P. 33 as long as a deposition was available under Rule 30.

Therefore, all of Defendant's objections are overruled. Defendant will provide complete responses to Plaintiff's discovery requests within 14 days of the date of this Order. Failure to comply with this Order or with any discovery order of this Court will result in the imposition of sanctions under Fed.R.Civ.P. 37.

IT IS SO ORDERED.

                                                     s/ R. Steven Whalen
                                                    R. STEVEN WHALEN
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: February 27, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 27, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
